UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
JAMES G. CORLEY,

                Plaintiff,

            - against -

P.O. NABEEL SHAHID, Tax Registration No. 939457,
P.O. CYRIL ABRAHAM, Tax Registration No. 937932,
P.O. RONALD MOSS, Tax Registration No. 918036,
P.O. JAMES CAMPBELL, Tax Registration No. 945547,
SERGEANT SHUNPING MAO, Tax Registration No. 940417,
CAPTAIN RODERICK DANTINI, Tax Registration
No. 906066 and THE CITY OF NEW YORK,

                Defendants.
-----------------------------------------------------------------------X

13 CV 4743 (BMC)

SECOND AMENDED
COMPLAINT AND
JURY TRIAL DEMAND

Plaintiff, JAMES G. CORLEY, by his attorney, ALAN D. LEVINE, ESQ., complaining of the defendants herein, respectfully alleges as follows:

## JURISDICTION

1.    This is a civil action, seeking compensatory damages, punitive damages and attorney's fees.

2.    This action is brought pursuant to 42 U.S.C. §§1983 and 1988 and the fourth and fourteenth amendments to the Constitution of the United States.

3.    Jurisdiction is founded upon 28 U.S.C. §§1331, 1343 and 1367.

4.    Plaintiff, invoking the pendent jurisdiction of this Court, also seeks compensatory and punitive damages for battery.

## VENUE

5.    Venue is properly alleged in the Eastern District of New York in that the acts complained of herein occurred within this District.

## JURY TRIAL DEMAND

6. Plaintiff hereby demands a trial by jury of all issues in this action that are so triable.

## PARTIES

7. At all times relevant hereto, plaintiff, JAMES G. CORLEY, was and is a natural person, resident in the County of Queens, City and State of New York.

8. At all times relevant hereto, defendant P.O. NABEEL SHAHID, Tax Registration No. 939457 (hereinafter "SHAHID") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

9. At all times relevant hereto, defendant P.O. CYRIL ABRAHAM, Tax Registration No. 937932 (hereinafter "ABRAHAM") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

10. At all times relevant hereto, defendant P.O. RONALD MOSS, Tax Registration No. 918036 (hereinafter "MOSS") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

11. At all times relevant hereto, defendant P.O. JAMES CAMPBELL, Tax Registration No. 945547 (hereinafter "CAMPBELL") was and is a natural person, employed as a police officer by defendant CITY OF NEW YORK.

12. At all times relevant hereto, defendant SERGEANT SHUNPING MAO, Tax Registration No. 940417 (hereinafter "MAO") was and is a natural person, employed as a police sergeant by defendant CITY OF NEW YORK.

13. At all times relevant hereto, defendant CAPTAIN RODERICK DANTINI, Tax Registration No. 906066 (hereinafter "DANTINI") was and is a natural person, employed as a police captain by defendant CITY OF NEW YORK.

14. At all times relevant hereto, defendant CITY OF NEW YORK was and is a municipal corporation, organized and existing pursuant to the laws of the State of New York.

15. On or about August 6, 2012, this date being within ninety (90) days after the claims herein sued upon accrued, plaintiff served upon the Comptroller of the City of New York a verified written notice of claim setting forth the time, place, nature and manner in which said claims arose.

16. More than thirty (30) days have elapsed since the aforementioned verified notice of claim was served and the Comptroller has neglected and refused to make payment of said claim.

17. This action is commenced within one year and ninety days from the date the pendent claim herein accrued.

18. The individual defendants are sued in their individual capacities.

### AS AND FOR A FIRST CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### (42 U.S.C. §1983)

19. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "18" hereinabove as if more fully set forth at length herein.

20. On or about June 1, 2012, between approximately 9:30 P.M. and 10:00 P.M., plaintiff was lawfully present at a restaurant known as The Dog & Duck, located at 45-20 Skillman Avenue, County of Queens, City and State of New York.

21. Plaintiff was present at the aforementioned premises to make a delivery of fish to the restaurant.

22. Plaintiff had double-parked his minivan in the street outside of the aforementioned premises.

23. While in the aforementioned restaurant, plaintiff decided to sit down and have a meal.

24. While he was eating, plaintiff observed, through a window of the aforementioned restaurant, one of the individual defendants walk toward his minivan and place a parking summons on it.

25. Plaintiff stayed in the aforementioned restaurant to finish his meal.

26. After approximately forty-five minutes had passed, plaintiff observed a flatbed tow truck, with its bed tilted up, in front of his minivan.

27. Plaintiff exited the restaurant and approached his minivan.

28. One of the individual defendants asked plaintiff if he was the owner of the minivan.

29. Plaintiff responded that he was the owner of the minivan and continued to walk toward his vehicle.

30. Plaintiff observed that his minivan had not yet been hooked up to the tow truck standing in front of it.

31. Plaintiff stepped in between the rear of the tow truck and the front of his minivan, sat down on the back end of the tow truck and slid his legs under the front bumper of his minivan.

32. Plaintiff grabbed onto the frame of his minivan and lay down on the bed of the tow truck.

33. In less than ten seconds, defendants SHAHID and ABRAHAM grabbed plaintiff by his shoulders so as to pull him off of the flatbed, while yelling at him to "let go."

34. One or both of these individual defendants struck plaintiff on both of his wrists with a police radio.

35. Defendants SHAHID and ABRAHAM pulled plaintiff off the flatbed and dragged him on his back for approximately forty feet toward their Police Department motor vehicle.

36. After dragging him, defendants SHAHID and ABRAHAM flipped plaintiff over and dropped him hard, face first, onto the ground.

37. While plaintiff was lying on the ground, defendants MOSS, CAMPBELL, MAO and DANTINI arrived in New York City Police Department motor vehicles.

38. As plaintiff was lying face down on the ground, one of the individual defendants placed a knee on his head, while another one of the individual defendants knelt down on plaintiff's legs to prevent him from moving.

39. One of the individual defendants kicked plaintiff in his left ribs, twice.

40. Plaintiff was rear-handcuffed by one of the individual defendants.

41. After plaintiff was handcuffed, one of the individual defendants again kicked him twice in his left ribs.

42. One or more of the individual defendants flipped plaintiff over onto his back.

43. Plaintiff yelled, "Report police brutality, report police brutality."

44. One of the individual defendants now kicked plaintiff twice in his right ribs.

45. One of the individual defendants kicked plaintiff in his lower back.

46. One of the individual defendants, upon information and belief defendant MAO, told plaintiff, "If you don't shut up, I'm going to use the Taser on you."

47. Not one of the individual defendants made any attempt or effort to prevent or stop any other individual defendant from using the excessive force described hereinabove against plaintiff.

48. Shortly thereafter, an ambulance arrived and transported plaintiff to Elmhurst Medical Center.

49. Plaintiff remained in Elmhurst Medical Center, handcuffed to the side of his bed with a police guard, until he was arraigned in the hospital on June 7, 2013, before a Judge of the Criminal Court of the City of New York, County of Queens.

50. Plaintiff was charged with resisting arrest, obstructing governmental administration in the second degree, disorderly conduct and possession of a knife. He was released on his own recognizance.

51. As a result of the aforementioned conduct of the individual defendants, plaintiff suffered a deprivation of his rights to be free from the use of excessive force, and to due process of law, guaranteed to him by the fourth and fourteenth amendments to the Constitution of the United States, in that they, acting under color of state law, without any cause or provocation whatsoever, struck him on both of his wrists with a police radio; threw him to the ground; dragged him along the ground on his back for approximately forty feet; and kicked him, causing fractures to his left ribs seven through twelve, his right ribs ten through twelve and to the left transverse process of L-1.

52. As a result of the aforementioned acts committed by the individual defendants, plaintiff suffered and continues to suffer, serious and permanent physical

and psychological injuries and incurred medical expenses for the treatment of his injuries.

53. By reason of the aforementioned unconstitutional and illegal actions taken against him by the individual defendants hereto, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

### AS AND FOR A SECOND CAUSE OF ACTION
### AGAINST THE INDIVIDUAL DEFENDANTS
### and THE CITY OF NEW YORK
### (Battery)

54. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs "1" through "53" hereinabove as if more fully set forth at length herein.

55. On or about June 2, 2012, at approximately 1:40 A.M., the individual defendants hereto, without probable cause therefor, offensively touched plaintiff by striking him on both of his wrists with police radios, throwing him onto the ground, dragging him along the ground for approximately forty feet, kneeling on his head and legs and kicking him in his left and right ribs and lower back.

56. The aforesaid force used by the individual defendants was not reasonable under the circumstances.

57. At the aforementioned time and place, the individual defendants were acting within the scope of their employment by defendant CITY OF NEW YORK.

58. By reason of the aforementioned acts of battery committed against plaintiff by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, and through no culpable conduct of

his own, plaintiff suffered, and continues to suffer, serious and permanent physical and psychological injuries and has incurred medical expenses.

59. By reason of the aforementioned battery committed against him by the individual defendants, while they were acting within the scope of their employment by defendant CITY OF NEW YORK, plaintiff has been damaged in the amount of One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

WHEREFORE, plaintiff, JAMES G. CORLEY, demands judgment against defendants, P.O. NABEEL SHAHID, Tax Registration No. 939457, P.O. CYRIL ABRAHAM, Tax Registration No. 937932, P.O. RONALD MOSS, Tax Registration No. 918036, P.O. JAMES CAMPBELL, Tax Registration No. 945547, SERGEANT CHRISTOPHER MAO, Tax Registration No. 921499, CAPTAIN RODERICK DANTINI, Tax Registration No. 906066 and THE CITY OF NEW YORK, as follows:

FIRST CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants; and

SECOND CAUSE OF ACTION: One Million ($1,000,000.00) Dollars and demands an additional One Million ($1,000,000.00) Dollars as punitive damages against the individual defendants.

In addition, plaintiff demands the costs and disbursements of this action, including his attorney's fees, pursuant to 42 U.S.C. §1988.

Dated: Kew Gardens, New York
      December 26, 2013

                                        */s/ Alan D. Levine*

                                    ALAN D. LEVINE, ESQ.
                                    Attorney for Plaintiff
                                    80-02 Kew Gardens Road, Suite 302
                                    Kew Gardens, New York 11415
                                    (718) 793-6363
                                    Our File No. 2250