UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x

JAMES G. CORLEY,

                            Plaintiff,

           -against-

P.O. NABEEL SHAHID, Tax Registration No. 939457,
P.O. CYRIL ABRAHAM, Tax Registration No. 937932,
P.O. RONALD MOSS, Tax Registration No. 918036, P.O.
JAMES CAMPBELL, Tax Registration No. 945547,
SERGEANT SHUNPING MAO, Tax Registration No.
940417, CAPTAIN RODERICK DANTINI, Tax
Registration No. 906066 and THE CITY OF NEW
YORK,[1]

                            Defendants.

-----------------------------------------------------------------x

**JOINT PRETRIAL ORDER**

13-CV-4743 (BMC)

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ APR 25 2014 ★
BROOKLYN OFFICE

## JOINT PRETRIAL ORDER

The parties having conferred among themselves and with the Court pursuant to Federal Rule of Civil Procedure 16, the following statements, directions and agreements are adopted as the Pretrial Order herein.

**Full Caption of the Action**

The full caption of the action is shown hereinabove.

---

[1] Defendants will be seeking the removal of the City of New York form the caption of this matter as there is no federal claim for municipal liability against the City of New York and no John Doe defendants against whom any state law claim has been pressed. Plaintiff will oppose any such motion by defendants.

### Trial Counsel

Trial counsel for the parties are correctly set forth below:

*For Plaintiff:*
Alan D. Levine, Esq.
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
Tel: (718) 793-6363
Email: alandlaw@justice.com

*For Defendants:*
Noreen Stackhouse
Assistant Corporation Counsel
100 Church Street
New York, New York 10007
Tel: (212) 356-2375
Fax: (212) 788-9776
Email: nstackho@law.nyc.gov

### Jurisdiction

#### Plaintiff's Statement:

This court has jurisdiction in this action pursuant to 28. U.S.C. §§1331, 1343 and 1367 because plaintiff seeks to recover damages pursuant to 42 U.S.C. §1983 for violation of certain of his civil rights under color of law and because plaintiff has pendent state claims that include the City of New York, which is not named as a defendant in his federal claim, as a party defendant.

#### Defendants' Statement:

Defendants do not dispute jurisdiction.

### Claims and Defenses to be Tried

#### Claims:

Plaintiff alleges that, after he was placed under arrest and handcuffed by the individual defendants hereto, he was systematically and severely kicked by one or more of the individual defendants with such force as to suffer fractures of nine of his ribs and of his spine at L-1. The court is referred to paragraphs "36" through "51" of plaintiff's second amended complaint for a further description of these claims.

#### Defenses:

1. Plaintiff fails to state a claim upon which relief can be granted.

2. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United State or the State of New York or any political subdivision thereof, nor have defendants violated any Act of Congress providing for the protection of civil rights.

3. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or that of a third party and was not the proximate result of any act of defendants.

4. Plaintiff cannot obtain punitive damages as against the City of New York.

5. At all times relevant to the acts alleged in the second amended complaint, defendant City of New York, its agents and officials, acted reasonably, properly, lawfully and in good faith in the exercise of their discretion. Consequently, defendant City of New York is entitled to governmental immunity.

6. Any force used was reasonable under the circumstances.

7. Plaintiff provoked any incident.

8. Plaintiff's claims may be barred, in whole or in part, by failure to comply with a condition precedent to suit.

9. Defendants Shahid, Abraham, Moss, Campbell, Dantini and Mao have not violated any clearly established constitutional or statutory right of which a reasonable person would have known and therefore are protected by the defense of qualified immunity.

10. At all times relevant to the acts alleged in the amended complaint, defendants Shahid, Abraham, Moss, Campbell, Dantini and Mao acted reasonably in the proper and lawful exercise of their discretion.

**Claims Which Have Been Dismissed Pursuant To Stipulation:**

None.

**Jury/Non-Jury:**

The case is to be tried with a jury. It will take an estimated 5 trial days to complete.

**Trial Before Magistrate Judge:**

The parties have not consented to a trial by a Magistrate Judge.

**Stipulations:**

None.

**Witnesses:**

**Plaintiff's Witnesses:**[2]

| Witness Name | Objection | Basis for Objection |
|---|---|---|
| **James G. Corley - Plaintiff.** Will testify on his own behalf as to the details of the incident and his damages. | | |
| **Ronald A. Light, M.D.** has been disclosed to defendants as plaintiff's medical expert pursuant to Fed. R. C. P. 26(a)(2)(A)(B). Dr. Light will testify as to his conclusions, reached with a reasonable degree of medical certainty, as to what injuries plaintiff sustained and how plaintiff sustained his injuries. | FRE 402, 403, 602, 702, 703, 802. | Irrelevant and unduly prejudicial. This witness's testimony is not relevant because it will not assist the trial of fact. Defendants further state that they are moving in limine to preclude Dr. Light from testifying at trial. |

**Defendants' Witnesses:**[3]

| Witness Name | Objection | Basis for Objection |
|---|---|---|
| **Nabeel Shahid;** defendant; will testify as to the facts and circumstances surrounding plaintiff's arrest. | | |
| **Cyril Abraham;** defendant; will testify as to the facts and circumstances surrounding plaintiff's arrest. | | |

---

[2] Plaintiff reserves the right to call any witness listed by defendants.
[3] Defendants reserve the right to call any witnesses listed by plaintiff.

| | | |
|---|---|---|
| **Ronald Moss**; defendant; will testify as to the facts and circumstances surrounding plaintiff's arrest. | | |
| **James Campbell**; defendant; will testify as to the facts and circumstances surrounding plaintiff's arrest. | | |
| **Shunping Mao**; defendant; will testify as to the facts and circumstances surrounding plaintiff's arrest. | | |
| **Roderick Dantini**; defendant; will testify as to the facts and circumstances surrounding plaintiff's arrest. | | |
| **Joseph Sanfillipo**; non-party witness, will testify as to the facts and circumstances surrounding plaintiff's arrest. | | |
| **Emergency Medical Technician Robert Hockenjos**; non-party witness, will testify about the treatment of plaintiff and the paperwork generated in response to same. | | |
| **Juan Mestre, MD**, Elmhurst Hospital Center, or some other appropriate witness from Elmhurst Hospital Center, will testify about plaintiff's medical treatment at | | |

| | | |
|---|---|---|
| Elmhurst Hospital Center.[4] | | |
| **Representatives from the NYPD Communications Division**, will testify about the contents of the NYPD SPRINT Report and NYPD Quality of Life ("311") Call Record as well as lay the appropriate foundation for the authenticity of these documents. | Fed. R. Evid. 403, 602. | The issue at trial is what defendants believed the transmissions they received said. It is their understanding that is at issue. An expert opinion would violate Rule 403 as being cumulative. |

## Deposition Transcripts

Plaintiff and Defendants do not intend on designating deposition testimony or prior statements, except for impeachment or in the event any non-party witness who has been deposed refuses to appear for trial. If the parties suspect that any such individual may refuse to appear for trial, we will promptly designate for the Court any deposition testimony or prior statements we will be seeking to introduce in lieu of live testimony. At this time, however, the parties believe that the non-party witnesses listed above will comply with any subpoena served on them directing them to appear at trial.

## Exhibits

### Plaintiff's Exhibits

| Exhibit | Objection | Basis for Objection |
|---|---|---|
| 1. Criminal complaint against plaintiff regarding arrest of June 2, 2012 | FRE: 402, 403 and 802 | The criminal complaint against plaintiff is not relevant as plaintiff does not allege a false arrest claim. Additionally, this document is unduly prejudicial to defendants and contains hearsay. Lastly, defendants object on the grounds that this exhibit is not specifically |

---

[4] Plaintiff has refused to allow defendants access to his treating physician from the date of the incident. Defendants reserve their right to add plaintiff's treating physician Dr. Juan Mestre, or some other suitable medical personnel from Elmhurst Hospital who was involved in plaintiff's treatment based upon the Court's ruling on their motion to compel dated April 3, 2014. Defendants further reserve their right to add such witnesses for impeachment and rebuttal purposes. Plaintiff opposes defendants' motion and opposes defendants' calling any such witnesses as rebuttal witnesses.

| | | |
|---|---|---|
| | | identified by Bates Number and as a result, defendants reserve the right to assert additional objections if and when the specific records plaintiff seeks to introduce into evidence are identified. |
| 2. Ambulance Call Report | FRE: 402, 403, 802, 901 | Defendants object on the grounds that this exhibit is not specifically identified by Bates Number and as a result, defendants reserve the right to assert objections if and when the specific records plaintiff seeks to introduce into evidence are identified. |
| 3. Elmhurst Hospital Center record of treatment for plaintiff's injuries suffered in the underlying incident, Bates numbered by defendants as NYC 34-240. | FRE: 402, 403, 802 | Defendants object on the grounds that plaintiff has refused defendants access to Elmhurst Hospital medical staff.[5] |
| 4. Elmhurst Hospital CAT scans and X-rays | FRE: 402, 403 | Defendants object on the grounds that this exhibit is not specifically identified by Bates Number and as a result, defendants reserve the right to assert objections if and when the specific records plaintiff seeks to introduce into evidence are identified. |
| 5. Plaintiff's psychiatric case report from Kevin Kelly, M.D., subsequent to the incident. | FRE: 402, 403, 802, 901, and Fed. R. Civ. P. 26(a)(2)(C) | Certified copy of original is required. Additionally, not relevant and unduly prejudicial when taken out of the context of Dr. |

---

[5] Plaintiff will obtain certified copies of any documents the court requires to be certified at the pretrial conference.

| | | |
|---|---|---|
| | | Kelly's case reports of plaintiff taken prior to the incident. |
| 6. X-ray films made by Ronald Light, M.D., plaintiff's medical expert. | FRE: 402, 403, 901 Fed. R. Civ. P. 26(a)(2)(B)(iii), 26(a)(1)(A)(ii), 26(a)(3)(A)(iii) and 37(c)(1) | Irrelevant and cumulative. In addition, plaintiff has failed to comply with the express mandates of the Federal Rules of Civil Procedure, in that these films were never disclosed to defendants during discovery, and as such defendants are entitled to an appropriate remedy under Fed. R. Civ. P. 37(c)(1). |
| 7. Queens Consultation Center correspondence with criminal court. | FRE: 402, 403, 802 and 901 | Certified copy of original is required. Additionally, not relevant and unduly prejudicial. Defendants further object because these documents likely contain hearsay statements. Lastly, defendants object on the grounds that this exhibit is not specifically identified by Bates Number and as a result, defendants reserve the right to assert additional objections if and when the specific correspondence plaintiff seeks to introduce into evidence is identified. |

**Defendants' Exhibits**[6]

| # | Exhibit | Objection | Basis for Objection |
|---|---------|-----------|---------------------|
| A | FDNY Ambulance Call Report (Bates Nos. NYC 269 – NYC 270) | | |
| B | NYPD Quality of Life ("311") Call Record (Bates No. NYC 268) | | |
| C | NYPD SPRINT Report (Bates No. NYC 11) | | |

**Relief Sought**

The plaintiff seeks money damages in an amount to be determined by the jury.

**SO ORDERED.**

/s/ Brian M. Cogan
HON. BRIAN M. COGAN, U.S.D.J.

Dated: Brooklyn, New York
April 29, 2014

---

[6] Plaintiff and defendants reserve the right to use any exhibits listed by the opposing parties and further reserve the right to designate additional exhibits, including impeachment and rebuttal exhibits.