```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES G. CORLEY,

                        Plaintiff,
                                                          13 CV 4743 (BMC)
        - against -

P.O. NABEEL SHAHID, Tax Registration No. 939457,          PLAINTIFF'S
P.O. CYRIL ABRAHAM, Tax Registration No. 937932,          PROPOSED
P.O. RONALD MOSS, Tax Registration No. 918036,            JURY CHARGES
P.O. JAMES CAMPBELL, Tax Registration No. 945547,
SERGEANT SHUNPING MAO, Tax Registration No. 940417
and CAPTAIN RODERICK DANTINI, Tax Registration
No. 906066,

                        Defendants.
------------------------------------------------------------------X
```

### 1. Burden of Proof

At various times in these instructions I will use the term "burden of proof" in order to inform you which party has the burden of proof on a particular claim or a particular issue.

The party who has the burden of proof on a particular issue has the burden of establishing his position on that issue by a preponderance of the evidence. If you conclude that the party who has the burden of proof on an issue has failed to establish his position by a preponderance of the evidence, you must decide against that party on that issue.

What does "preponderance of evidence" mean? A fact is established by a preponderance of the evidence when it is shown that the fact is more likely true than not true. Preponderance of the evidence means the greater weight of the evidence. You are to determine whether a fact is established by a preponderance of the evidence on the

basis of the quality and persuasiveness of the evidence, not on the basis of the number of witnesses or exhibits. In determining whether a fact has been proved by a preponderance of the evidence, you should consider all of the relevant evidence. You should consider the relevant testimony of the witnesses, regardless of which party may have called them, and the relevant exhibits received in evidence, regardless of which party may have introduced them.

What if you find that the credible evidence of a particular fact is evenly divided between the parties, that it is equally probable that one side is as right as the other side? In that case you must decide that issue against the party who has the burden of proof. This is because the party who bears the burden of proof must establish more than equality of evidence; he must prove the fact at issue by a preponderance of the evidence. On the other hand, the party with the burden of proof is not required to prove more than a preponderance. As long as you find that the balance tips, however slightly, in favor of the party with the burden of proof, so that the fact is more likely true than not true, that fact will have been proved by a preponderance of the evidence.

You may have heard the phrase proof beyond a reasonable doubt. This is the standard of proof required in a criminal trial. That requirement does not apply in a civil trial such as this one.

**Source:  Schwartz and Pratt, <u>Section 1983 Litigation</u>, Vol. 4, & 2.02.1.**

**2. Circumstantial Evidence**

Facts must be proved by evidence.  Evidence includes the testimony of a witness concerning what the witness saw, heard or did.  Evidence also includes writings, photographs, or other physical objects which may be considered as proof of a fact.

Facts may be proved either by direct or circumstantial evidence or by a combination of both. You may give circumstantial evidence less weight, more weight, or the same weight as direct evidence.

Direct evidence is evidence of what a witness saw, heard, or did which, if believed by you, proves a fact. For example, let us suppose that a fact in dispute is whether I knocked over this water glass near the witness chair. If someone testified that he saw me knock over the glass, that is direct evidence that I knocked over the glass.

Circumstantial evidence is evidence of a fact which does not directly prove a fact in dispute but which permits a reasonable inference or conclusion that the fact exists. For example, a witness testifies that he saw this water glass on the bench. The witness states that, while he was looking the other way, he heard the breaking of glass, looked up, and saw me wiping water from my clothes and from the papers on the bench. This testimony is not direct evidence that I knocked over the glass; it is circumstantial evidence from which you could reasonably infer that I knocked over the glass.

Those facts which form the basis of an inference must be proved and the inference to be drawn must be one that may be reasonably drawn. In the example, even though the witness did not see me knock over the glass, if you believe his testimony, you could conclude that I did. Therefore, the circumstantial evidence, if accepted by you, allows you to conclude that the fact in dispute has been proved.

In reaching your conclusion, you may not guess or speculate. Suppose, for example, the witness testifies that the water glass was located equally distant from the court clerk and me. The witness states that he heard the breaking of glass and looked up to see both the court clerk and me brushing water from our clothes. If you believe

3

that testimony, you still could not decide on that evidence alone who knocked over the water glass. Where these are the only proved facts, it would be only a guess as to who did it. But, if the witness also testifies that he heard the court clerk say "I am sorry," this additional evidence would allow you to decide who knocked over the water glass.

**Source: PJI 1:70.**

### 3. 42 U.S.C. § 1983, Its Function and Elements of a Claim for Relief

Plaintiff asserts a claim under a federal civil rights law, 42 U.S.C. § 1983.

Section 1983 provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law. Section 1983 states in part that: Every person who, under color of [state law], subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the [United States] Constitution and [federal] laws, shall be liable to the party injured [for damages].

Section 1983 creates a form of liability in favor of people who have been deprived of rights secured to them by the United States Constitution. It was passed by Congress to enforce the Fourteenth Amendment to the Constitution. The Fourteenth Amendment provides in relevant part that:

> No state shall…deprive any person of life, liberty or property, without due process of law nor deny to any person within its jurisdiction the equal protection of the laws.

Section 1983 itself does not establish or create any federally protected rights. Rather, it is the statute that allows the plaintiffs in this case to enforce rights guaranteed to them by the federal Constitution. Later in these instructions I will explain to you what

these federal constitutional rights are, and what the plaintiffs must show to demonstrate a violation of these rights.

To establish their claim under Section 1983, the plaintiffs must demonstrate, by a preponderance of the evidence, the following three elements:

First, that the defendants' conduct was under color of state law;

Second, that this conduct deprived the plaintiffs of a right protected by the Constitution of the United States; and

Third, that the defendants' conduct was a proximate cause of the injuries and damages sustained by the plaintiff.

I will explain each of these elements to you.

### First Element:  Color of Law

As to the first element – whether the defendants were acting under color of state law – there is no dispute in this case that during the events in issue here, the defendants, as police officers of the City of New York, were acting under color of law. Therefore, you need not concern yourself with that element of the plaintiff's case.

### Second Element:  Deprivation of a Federal Right

The second element of the plaintiff's claim is that defendants' conduct deprived plaintiff of a federal right. Plaintiff claims in this case that he was deprived of his right to be free of excessive force under the Fourth Amendment to the federal Constitution. I will explain the elements of the plaintiffs' Fourth Amendment claim later in these instructions.

*Third Element:  Proximate Cause*

The third element that plaintiff must prove is that the defendants' conduct was a proximate cause of plaintiff's injuries and damages.  Under Section 1983, the defendants are responsible for the natural consequences of their actions.  An act is a proximate cause if it was a substantial factor in bringing about the plaintiffs' injuries.  You must determine whether injuries or damages suffered by the plaintiff was a reasonably foreseeable consequence of the defendants' conduct.  An injury that is a direct result, or a reasonably probable consequence, of a defendant's conduct, was proximately caused by that conduct.  The question is whether a reasonable person would regard defendant's conduct as being a cause of the injury.  If so, the conduct is a proximate cause.

A proximate cause need not always be the nearest cause either in time or in location.  In addition, the law recognizes that there may be more than one proximate cause of an injury.  Many factors, or the conduct of two or more people, may operate at the same time, either independently or together, to cause an injury.

*General Wrap-Up on Elements of the Claim:  Multiple Defendants*

If you find that the plaintiff has proven all three elements of his claim by a preponderance of the evidence with respect to the defendants, you should find the defendants liable.  If you find that plaintiff has not proven any one of these elements with respect to the defendants, then you must find the defendants not liable and return a verdict for them.

Section 1983 does not require the plaintiff to demonstrate that a defendant acted willfully, or with the specific intent to violate the plaintiff's federally protected rights.  Nor

does Section 1983 require the plaintiffs to show that the defendants abused governmental power.

However, as I will explain to you shortly, the constitutional provision that the plaintiff is relying upon requires the plaintiff to show that the defendants acted with the intent to use excessive force on him.

The specific acts that plaintiff alleges were committed against him by the defendants to this action, which he contends were violations of 42 U.S.C. §1983, are that the defendants, after they had plaintiff handcuffed and lying on the ground, kicked him repeatedly on both sides of his body with such force as to fracture nine of his ribs and the transverse process of his lumbar spine and as to cause damage to his left lung.

**Source:  Schwartz and Pratt, <u>Section 1983 Litigation</u>, Vol. 4 ¶¶ 3.01.1, 3.02.1.**

4. **Excessive Force Claim**

Plaintiff claims that the defendant police officers violated his Fourth Amendment rights by using excessive force when, after he was already under arrest, handcuffed and lying on the ground, they kicked him repeatedly, thereby fracturing nine of his ribs and his spine, and injuring one of his lungs.  The Fourth Amendment to the United States Constitution states that there shall be no unreasonable seizures. An arrest is a seizure. A police officer may use reasonable force in making an arrest, but the Fourth Amendment prohibits the use of unreasonable force. Therefore, a person has a constitutional right under the Fourth Amendment to be free of excessive force when arrested.

The plaintiff claims that, when they arrested him, the defendant officers employed excessive force by repeatedly kicking him after he was handcuffed and lying on the ground. All the defendants deny that any one of them kicked the plaintiff.

Every person has the right to not be subjected to unreasonable or excessive force while being arrested by a law enforcement officer, even though the arrest itself is otherwise in accordance with the law. On the other hand, in making a lawful arrest police officers have the right to use such force as is necessary under the circumstances to effect the arrest, and at the same time to protect themselves or others from physical harm. Whether or not the force used in making an arrest was reasonable is an issue to be determined by you, on the basis of that degree of force a reasonable and prudent police officer would have applied in effecting the arrest, under the circumstances in this case.

In a case such as this, where the parties' factual contentions are disputed, you must determine what actually occurred, and how much force was used. The mere fact that the evidence in this case establishes that there was some forcible contact between the plaintiff and the defendants would not be sufficient by itself to demonstrate that the defendants violated the plaintiff's constitutional rights. On the other hand, you may find that, under the circumstances, kicking the plaintiff repeatedly, if you so find, constituted unreasonable and excessive force that would render the defendants liable.

The question before you is whether the actions of the defendant police officers on June 2, 2012 were objectively reasonable, meaning what a reasonably prudent police officer would have done under similar conditions in light of the facts and circumstances confronting the officer. You are to make this determination without regard

to the police officers' underlying subjective intent or motivation. That means that "evil intentions" will not be considered excessive force if the force used was in fact reasonable. On the other hand, an officer's good intentions will not make the use of excessive force constitutional. The reasonableness of a particular use of force must be judged from the perspective of a reasonable police officer on the scene, rather than with the 20/20 vision of hindsight. In determining whether the force exercised was reasonable, you should consider the facts and circumstances as you find them to be, including the severity of the offenses at issue, whether the plaintiff posed an immediate threat to the safety of the police officers or others, and whether the plaintiff was actively resisting arrest at the time the alleged excessive force was applied.

The Constitution must not be trivialized. Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force. The concept of reasonableness makes allowance for the fact that police officers are often forced to make difficult split-second judgments in circumstances that are sometimes tense, uncertain, dangerous, and rapidly evolving, about the amount of force that is necessary in a particular situation.

If you find that the defendants' use of force was reasonable, you must return a verdict for the defendants. If you find that the defendants' use of force was unreasonable, your verdict must be for the plaintiff. In that case you must then determine whether the plaintiff's alleged injuries were proximately caused by the defendants' use of excessive force.

The plaintiff has the burden of proving that the defendants' actions were a proximate cause of injury to the plaintiff. Injury is proximately caused by the defendant's

9

conduct when it appears from the evidence in the case that the conduct played a substantial role in bringing about the injury, in this case, nine broken ribs, a transverse fracture of the lumbar spine and an injury to his left lung.

In sum, if you find that the plaintiff has established, by a preponderance of the evidence, that the defendants used excessive force against him, the plaintiff is entitled to recover from the defendants for the injuries and damages caused by the excessive force.

However, if you find that the plaintiff has failed to establish, by a preponderance of the evidence, either that the defendants used excessive force, or that the excessive force caused plaintiff's injuries, then your verdict will be in favor of the defendants.

**Source: Schwartz and Pratt, <u>Section 1983 Litigation</u>, Vol. 4 ¶¶ 7.01.01.**

In reaching your verdict on the issue of excessive force, you must give careful attention to the facts and circumstances of the case, including the severity of the crime at issue, whether Mr. Corley posed an immediate threat to the safety of the defendant officers or others, and whether he was actively resisting arrest or attempting to evade arrest by flight at the time he claims the force was used. If you find that force was used on him after he was handcuffed and on the ground, then I charge you that that force was unreasonable and therefore excessive and was a violation of his constitutional rights pursuant to the fourth amendment.

**Source: <u>Miller v. Lovett</u>, 879 F. 2d 1066, 1070 (2d Cir. 1989); <u>Tracy v. Freshwater,</u> 623 F. 3d 90, 99 n.5 (2d Cir. 2010); <u>Ruffino v. McDaniel</u>, 2011 WL 2470699 (D. Conn.).**

### 5. Failure to prevent or stop the use of excessive force.

Police officers have an affirmative duty to enforce the law. This duty includes stopping other police officers from violating the rights of citizens. A police officer may not ignore the duty imposed by his or her office and fail to stop other officers who are illegally punishing or otherwise mistreating a third person in his presence. Police officers have an affirmative duty to intervene on behalf of a citizen whose constitutional rights are being violated by another officer or officers, where they have reason to know that such violations are taking place. Accordingly, if you find, for example, that any of the police officer defendants observed, or had reason to know, that another officer or officers were violating Mr. Corley's rights, and did nothing to prevent such violations, you must hold the defendant or defendants who failed to provide the wrongful act liable as well. On the other hand, even if you find that Mr. Corley's rights were violated, if you find that any of the officers had no reason to know that the violation of Mr. Corley's rights was taking place, you must find that defendant officer not liable for the violation.

**Source: <u>Anderson v. Branen</u>, 17 F. 3d 552, 557-58 (2d Cir. 1994); <u>O'Neill v. Karzeminski</u>, 839 F. 2d 9, 11 (2d Cir. 1988).**

### 6. State Law Claim Supplemental to §1983 Excessive Force Claim.

*BATTERY*

Let me now turn to the plaintiff's state law claim against the police officer defendants based on the tort of battery brought under state law principles.

The elements of this state law claim of battery generally track the elements of the federal Section 1983 Fourth Amendment excessive force claim, with certain differences

11

that I will point out to you. I earlier instructed you on the §1983 Fourth Amendment excessive force claim.

Under New York law, a police officer has the right to use as much force in the course of making an arrest, as he reasonably believes necessary in order to make the arrest, protect himself, protect others in the area, and protect the person being arrested. He can be held liable only if the force used was excessive.

The plaintiff claims that after he was already under arrest, lying on the ground and handcuffed, the individual defendants repeatedly kicked him, causing him to sustain various injuries. The defendants deny using any force whatsoever against plaintiff once he was handcuffed and lying on the ground, fully under their control.

In this battery cause of action, you must determine whether the force used by the defendants was force they reasonably believed to be necessary.

In making that decision, you must take into consideration all of the circumstances confronting the defendants at the time and place of the incident, including what they saw and heard and all of the circumstances surrounding this dispute. The defendants were not required, at their own peril, to measure the precise amount, if any, of force necessary.

If you find that the defendants used no force after plaintiff had been arrested and restrained, then the defendants committed no battery.

On the other hand, if you find that the plaintiff has established by a preponderance of the evidence that the individual defendants used more force than they reasonably believed to be necessary, then they committed a battery.

An employer is responsible for the act of its employee if the act is in furtherance of the employer's business and is within the scope of the employee's authority. An act is within the scope of the employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The employer need not have authorized the specific act in question.

Among the factors you may consider in deciding whether the defendants were acting within the furtherance of their employer's business and within the scope of their authority, you may include whether they were on duty at the time of the act alleged; the connection between the time, place and occasion for the act; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific acts were ones that the employer could reasonably have anticipated.

Even though you find that the employees' acts were reckless or intentional, the employer is nonetheless responsible for the plaintiff's damages if you find that any of the employees committing the acts were acting in furtherance of the employer's business and within the scope of the employee's authority.

**Source: Schwartz and Pratt, <u>Section 1983 Litigation</u>, Vol. 4 ¶¶ 12.01.01; PJI 2:235, 2:237.**

7. **Damages**

*General*

I am now going to instruct you on the law of damages. The fact that I am giving you instructions regarding damages does not mean that you must reach the issue of

13

damages. Also, just because I give you instructions on damages does not mean that I have any opinion about liability, one way or the other. I have to charge you on the law of damages in the event that, in your deliberations, you find that plaintiff is entitled to recover. Only then do you have to know how to go about computing damages. Thus, in instructing you on damages, I am not expressing any views one way or the other as to whether plaintiff should recover in this case.

It is for you to decide on the evidence, and the law as I have instructed you, whether plaintiff is entitled to recover from any of the defendants. If you have decided that plaintiff is not entitled to recover, you should go no further. You should not reach the issue of damages unless you find that the plaintiff has established liability on his federal claims by a preponderance of the evidence. Only if you decide that plaintiff is entitled to recover, shall you consider the amount of damages to be awarded.

If you find that the plaintiff is entitled to recover from one or more defendants, you must render a verdict in a sum of money that will justly and fairly compensate the plaintiff for all losses resulting from the injuries he sustained.

*Causation*

You may award damages only for those injuries that you find a plaintiff has proven, by a preponderance of the evidence, to have been the direct result of the conduct of a defendant with regard to a federal Section 1983 violation or a state common law claim of battery. You must distinguish between, on the one hand, the existence of a violation of a plaintiff's rights and, on the other hand, the existence of injuries and damages naturally resulting from that violation. Thus, even if you find for a plaintiff on any of his claims, you must ask yourself whether that plaintiff has also

proven, by a preponderance of the evidence, that the violation of his rights caused the injuries and damages that he claims to have suffered.

Plaintiff is not entitled to recover damages for personal injuries, emotional distress, or any other injury, based upon mere speculation and conjecture. Your verdict must be based on the evidence.

*Compensatory Damages*

If you find that the individual defendants are liable to the plaintiff, then you must determine an amount that is fair compensation for all of the plaintiff's damages. These damages are called compensatory damages. The purpose of compensatory damages is to make the plaintiff whole—that is, to compensate the plaintiff for the damage that the plaintiff has suffered. Compensatory damages are not limited to expenses that the plaintiff may have incurred because of his injury. If the plaintiff wins, he is entitled to, in addition to his expenses incurred as a result of his injuries, compensatory damages for the physical injury, pain and suffering, mental anguish, shock, and discomfort that he has suffered because of the defendants' conduct.

You may award compensatory damages only for injuries that the plaintiff proves were proximately caused by the defendants' allegedly wrongful conduct. The damages that you award must be fair compensation for all of the plaintiff's damages, no more and no less. Compensatory damages are not allowed as a punishment and cannot be imposed or increased to penalize the defendants. You should not award compensatory damages for speculative injuries, but only for those injuries that the plaintiff has actually suffered, or that the plaintiff is reasonably likely to suffer in the future.

15

If you decide to award compensatory damages, you should be guided by dispassionate common sense. Computing damages may be difficult, but you must not let that difficulty lead you to engage in arbitrary guesswork. On the other hand, the law does not require that the plaintiff prove the amount of his losses with mathematical precision, but only with as much definiteness and accuracy as the circumstances permit.

You must use sound discretion in fixing an award of compensatory damages, drawing reasonable inferences where you find them appropriate from the facts and circumstances.

You should consider the following elements of damages, to the extent you find them proved by a preponderance of the evidence.

*A. Damages Accrued*

If you find for the plaintiff, he is entitled to recover an amount that will fairly compensate him for any damages he has suffered to date.

*B. Calculation of Future Damages*

If you find that the plaintiff is reasonably certain to suffer damages in the future from his injuries, then you should award him the amount you believe would fairly compensate him for such future damages.

*Punitive Damages*

If you find for the plaintiff, you may, but are not required to, award punitive damages. Punitive damages are not intended to compensate the plaintiff but to punish a defendant and to deter a defendant and others from committing similar acts in the future.

The plaintiff has the burden of proving both that punitive damages should be awarded, and the amount, by a preponderance of the evidence. You may award punitive damages only if you find that the defendants' conduct was malicious, oppressive, or in reckless disregard of the plaintiff's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring another. Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or the defendants act in the face of a perceived risk that their actions will violate the plaintiff's rights under federal law. An act or omission is oppressive if the person who performs it injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power, or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party. In considering punitive damages, you may consider the degree of reprehensibility of the defendants' conduct and the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

You may award punitive damages for a violation of 42 U.S.C. Section 1983 without awarding compensatory damages.

An employer is responsible for the act of its employee if the act is in furtherance of the employer's business and is within the scope of the employee's authority. An act

is within the scope of the employee's authority if it is performed while the employee is engaged generally in the performance of his or her assigned duties or if the act is reasonably necessary or incidental to the employment. The employer need not have authorized the specific act in question.

Among other factors you may consider in deciding whether the defendants were acting within the furtherance of the City of New York's business and within the scope of their authority, you may include whether they were on duty at the time of the act alleged; the connection between the time, place and occasion for the act; whether the act is one commonly done by such an employee; the extent of departure from normal methods of performance; and whether the specific acts were ones that the City of New York could reasonably anticipated.

Even though you find that the employees' acts were reckless or intentional, the employer is nonetheless responsible for the plaintiff's damages if you find that any of the employees committing the acts were acting in furtherance of the employer's business and within the scope of the employee's authority.

**Source: Martin C. Schwartz & George C. Pratt, Section 1983, Litigation Instructions 18.01.1; 18.07.3 (2012 Supplement); New Windsor Volunteer Ambulance Corps, Inc. v. Meyers, 442 F. 3d 101, 121 (2d Cir. 2006); Robinson v. Cattaraugus County, 147 F. 3d 153, 161 (2d Cir. 1998).; PJI 2:235, 2:237.**

Dated: Kew Gardens, New York
November 28, 2014

*/s/ Alan D. L.*

ALAN D. LEVINE, ESQ.
Attorney for Plaintiff
80-02 Kew Gardens Road, Suite 302
Kew Gardens, New York 11415
(718) 793-6363